STATE of Wisconsin, Plaintiff-Respondent,

v.

Sou W. HER, Defendant-Appellant-Petitioner.

Supreme Court

No. 2006AP1239–CR. *Oral argument April 4, 2008.*
*—Decided May 9, 2008.*

2008 WI 39

(Also reported in 748 N.W.2d 193.)

For the defendant-appellant-petitioner there were briefs filed by *Donald J. Chewning* and *Winter, Chewning & Geary, LLP,* Two Rivers, and oral argument by *Donald J. Chewning.*

For the plaintiff-respondent the caused was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. PER CURIAM. Sou Her petitioned for review of the decision of the court of appeals, *State v. Her,* No. 2006AP1239–CR, unpublished slip op. (Wis. Ct. App. Aug. 29, 2007), affirming a judgment of conviction for false imprisonment and carjacking while masked and affirming an order denying his postconviction motion for resentencing. After reviewing the record and the briefs of both parties, and after hearing oral arguments, we conclude that this matter must be dismissed as improvidently granted.

¶ 2. This case involves Her's agreement to plead guilty in exchange for an aggregate 15–year sentence recommendation from the State (10–years initial con-

finement with 5–years extended supervision). The record clearly indicates that the district attorney intended Her's 15–year sentence to match what was believed to be the sentence of Her's co-defendant, Tong Xiong, who was charged two years previously.[1] However, at the time of the plea offer, the district attorney misidentified Xiong's sentence as being only 15, not 25, years and based his offer on that mistake. In response to questions by the court, the district attorney acknowledged that the offer was based upon that mistake. The circuit court independently acknowledged the discrepancy and ordered an aggregate 25–year sentence to match Xiong's actual sentence. On appeal, Her contends that the State breached the plea agreement and that trial counsel was ineffective.

¶ 3.  We do not address either issue because the pertinent facts in this case are not as we initially understood them to be presented. In particular, we understood the prosecutor's plea offer to be a recommendation of a 15–year sentence. However, upon further review, we note that immediately following the 15–year recommendation offer the prosecutor stated, "this offer reflects the same sentence received by Tong Xiong, his co-defendant, on the same two counts."

¶ 4.  With the contradictory language of the plea offer simultaneously describing both a 15–year sentence and a sentence equal to Xiong's, the agreement's terms appear to be internally inconsistent, calling the plea agreement into doubt. A valid plea agreement

---

[1] Tong Xiong actually received an aggregate sentence of 25 years, 15 of which was initial confinement, and 10 of which was extended supervision.

requires a meeting of the minds, evidenced through assent to the agreement's terms. *State v. Bembenek*, 2006 WI App 198, ¶ 11, 296 Wis. 2d 422, 724 N.W.2d 685. However, neither party has addressed or established whether there was a required meeting of the minds in the formation of the plea agreement. Without the parties addressing this foundational issue, we are unable to determine whether a breach of the plea agreement has occurred.

¶ 5. In addition, there has been no realistic remedy sought in this case. If the petitioner were to receive his requested remedy—specific performance of the plea agreement through a new sentencing hearing—the same problems would inevitably recur. Specifically, it seems inevitable that on remand, the next court would again notice the sentencing discrepancy and ask the prosecutor about it; the prosecutor would again be required to answer honestly; and the same appeal could be filed by Her, with no clear resolution possible through Her's requested remedy.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.